# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN NIMROD, | ) | CASE NO.   1:20-cv-00678 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

Plaintiff's counsel, Marcia W. Margolius, filed a Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b) requesting $8,842.50 for work performed on this case before this court. (R. 23). The Acting Commissioner of Social Security (Commissioner) filed a response indicating she did not object to the requested fee.[1]  (R. 24).

**I. Standard for 406(b) Fees**

An attorney representing a social security disability claimant under a contingency-fee agreement can receive attorney fees in two ways under 42 U.S.C. § 406. The first set of fees may be earned in connection with proceedings *before* the Social Security Administration (SSA). *See* 42 U.S.C. § 406(a)(1). The second set of fees may be earned in connection with representing the

---

1 "As has been discussed by many courts, the Commissioner has little incentive to file any response to a § 406(b) motion given that fees for such an award are not borne by the Commissioner (as with EAJA fees), but instead are subtracted from an award previously made to the claimant. Even when a response is filed by the Commissioner, it often expresses no position." *Iames v. Comm'r of Soc. Sec.*, No. 1:12-CV-829, 2017 WL 574931, at *4 (S.D. Ohio Jan. 25, 2017).

claimant in federal court. See 42 U.S.C. § 406(b)(1). With regard to the latter, § 406(b)(1)(A) provides for the payment of an attorney's contingency fee from an award of benefits, as follows:

> Whenever a court renders a judgment favorable to a claimant under this title [42 USCS §§ 401 et seq.] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 205(i) [42 USCS § 405(i)], but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A). "Fees under § 406(b)(1)(A) are awarded from past-due benefits withheld from the claimant by the Commissioner." *Pendland v. Comm'r of Soc. Sec.*, 2011 U.S. Dist. LEXIS 118602, 2011 WL 4891025 at * 1 (S.D. Ohio Sept. 21, 2011) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002)). "The Court may award fees only for work performed before the Court and not before the Social Security Administration." *Id*. (*citing Horenstein v. Sec'y of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994) (*en banc*)).

## II. Application to Current Request

Plaintiff executed a contingency fee agreement with counsel on September 14, 2017, assigning 25 percent of past due benefits to counsel.[2] (R. 23-2, PageID# 1092). Based on the

---

[2] While contingency fee arrangements capped at 25 percent are not *per se* reasonable, *see, e.g.*, *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989), there is "a rebuttable presumption that an attorney would receive the full 25% contingency fee under contract unless 1) the attorney engaged in improper conduct or was ineffective, or 2) the attorney would enjoy an undeserved windfall due to the client's large back pay award or the attorney's relatively minimal effort." *Hayes v. Sec'y of HHS*, 923 F.2d 418, 419 (6th Cir. 1990).

> [A] windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market. We believe that a multiplier of 2 is appropriate as a floor in light of indications that social

Notice of Award, SSA withheld a total of $27,006.50 of Plaintiff's past due benefits "in case we need to pay your lawyer."[3] (R. 23-1, PageID# 1086). Counsel represents that attorneys performed a total of 19.65 hours of work before this Court on behalf of Plaintiff. (R. 23-3, PageID# 1094). Counsel has requested $8,842.50, which translates into a hypothetical hourly rate of $450.00 for the attorney services.

Cases decided seven to ten years ago frequently found that an hourly rate of $350—achieved by doubling the reasonable hourly rate of $175—did not constitute a windfall.[4] Recently, another decision of this district found that an hourly rate of $194.45 was appropriate under the EAJA "considering adjustments for cost of living increases since the enactment of the EAJA." *Barrick v. Comm'r of Soc. Sec.*, No. 4:21-CV-1278, 2022 WL 16856115, at *1 (N.D. Ohio Nov. 10, 2022) (Lioi, J.). This Court agrees that given the passage of time, inflation, and increased costs, an hourly rate of $225, though somewhat high, is not excessive. Doubling the

---

security attorneys are successful in approximately 50% of the cases they file in the courts. Without a multiplier, a strict hourly rate limitation would insure that social security attorneys would not, averaged over many cases, be compensated adequately.

*Hayes*, 923 F.2d at 422; *accord Bailey v. Comm'r of Soc. Sec.*, 2012 WL 641538 at * 1 (N.D. Ohio Feb. 28, 2012) ("In the Sixth Circuit, below a floor of double the normal rate, an award can never be a windfall.").
[3] The total past due benefits awarded to Plaintiff is $108,026.00 (R. 23-1, PageID# 1085).
[4] Other decisions within this District have previously determined that an hourly rate in a somewhat lower range than the amount requested here to be appropriate in awarding attorney fees under § 406(b). *See e.g.*, *Woodruff v. Colvin*, 2016 U.S. Dist. LEXIS 154794, 2016 WL 6605132 (N.D. Ohio Oct. 19, 2016) (approving $360 hourly rate); *Hayes v. Colvin*, 2015 U.S. Dist. LEXIS 91196, 2015 WL 4275506 at * 3 (N.D. Ohio July 14, 2015) (approving $350 hourly rate); *Koprowski v. Comm'r of Soc. Sec.*, 2013 U.S. Dist. LEXIS 330, 2013 WL 29804 at * 2 (N.D. Ohio Jan. 2, 2013) ("Upon consideration of all that is known to the Court about this area of the law, the geographic region in which it is practiced, and the individuals routinely engaged in its practice, the Court finds that a total reasonable hourly rate is $175, doubled under the windfall analysis to $350 per hour").

3

$225 rate results in counsel's requested hourly rate of $450. In addition, given the facts of this case, the total request of $8,842.50 is well under 25 percent of all past due benefits. Therefore, under the facts and circumstances of this case, the Court finds the request does not constitute a windfall and is hereby approved.

Finally, on December 31, 2021, this Court previously awarded Plaintiff attorney fees and costs in the total amount of $4,414.61 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (R. 22). As acknowledged in Plaintiff's counsel's Motion, counsel may not obtain double recovery under both the EAJA and § 406(b). (R. 23, PageID# 1076). However, counsel asserts that "[t]hese [EAJA] funds have not yet been released to counsel, nor has she been advised of a federal debt owed by the Plaintiff. When issued, any amount received under the EAJA will be returned to the claimant to prevent double recovery of fees."[5] (R. 23, PageID# 1076). The Supreme Court in *Gisbrecht* noted that "[while] [f]ee awards may be made under both prescriptions, … the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" 535 U.S. at 796 (citations omitted); *accord Tharp v. Comm'r of Soc. Sec.*, 2011 U.S. Dist. LEXIS 86804, 2011 WL 3438431 at * 8 (S.D. Ohio, Aug. 5, 2011) (citing *Jankovich v. Bowen*, 868 F.2d 867, 870 (6th Cir. 1989)). Accordingly, Plaintiff's counsel must transfer the full amount of the EAJA award—$4,414.61—to Plaintiff in the event counsel receives that payment from the government.

### III. Conclusion

For the reasons set forth above, this Court approves counsel's request for attorney fees in

---

[5] Counsel only references $4,014.61 in attorney fees and omits the $400 in costs. In this Court's view, the entirety of the EAJA award should be returned, and Plaintiff has cited no authority to the contrary. However, as Plaintiff's counsel represents that no EAJA funds have been released to her, the issue is not ripe.

4

the amount of $8,842.50 from Plaintiff's past due benefits. (R. 23). Further, as set forth herein, Plaintiff's counsel must transfer any EAJA award she receives, for work in this case, to Plaintiff.

IT IS SO ORDERED.

s/ *David A. Ruiz*
David A. Ruiz
United States District

Date: March 9, 2023